**Burke License**

*Theodore L. Krohn,* for appellant.

*William A. Degillio,* for Commonwealth.

BIGELOW, J., September 20, 1971.—This appeal is from the action of the Secretary of Revenue (now Transportation), dated February 18, 1970, after hearing, suspending appellant's motor vehicle operating privileges for two months pursuant to section 618(b)2 of The Vehicle Code for conviction on July 15, 1969, of violation of section 1027(d) of the code. The hearing de novo was held May 22, 1970. The stenographer's record of this hearing was completed and lodged September 13, 1971.

From this record, the hearing judge makes the following:

### FINDINGS OF FACT

1. On July 5, 1969, at about 11 p.m., appellant, driving home from work on Pennsylvania Route 40067 in Ross Township, Luzerne County, to avoid striking a small doe which jumped in front of his car, swerved, struck an abutment on the side of the road, blew a rear tire, traversed the yard of a Joseph Bogden on a steep downgrade for over 300 feet, struck and damaged a telephone pole, crossed another road and stopped in a creek, during which time appellant's head struck the front window of the vehicle and when he got out of the vehicle he stumbled and fell over part of the pole which was next to his vehicle.

2. After the accident, appellant looked around the

property, saw no person and no lights, and, in a dazed condition and having a knee injury, started to walk to his home, passed out, and woke up in one of his farm fields about three hours later.

3. Subsequent to the accident, the Bogdens returned to their home, saw appellant's vehicle bearing the license plate, and reported the matter to the local police.

4. Chief of Police Michael Niemczyk, of Ross Township, came to appellant's home the next morning, about three hours after the accident, just after appellant arrived home, and arrested him for failure "to notify the owner of property": Section 1027(d).

5. At the time Chief Niemczyk interviewed appellant, according to the chief, appellant seemed to be in a state of shock, was all wet, lacked one shoe and was limping.

6. Later that morning, at approximately 8 a.m., appellant and a friend went to the Bogden home, spoke with Mrs. Bogden about the damage to the Bodgen property, which was slight, and asked her to contact the telephone company, to which she agreed, and to call him when the telephone company repairmen came to repair the pole damage, which she agreed to do and did, and upon receipt of this call appellant went to the scene and gave the repairmen his name and address.

7. All claims for damage to the Bodgen property and the telephone company property have been resolved. Appellant's vehicle was extensively damaged.

8. On July 15, 1969, appellant, without appearance, paid a fine of $25 and $5 costs to Justice of the Peace M. D. Moss, of Ross Township.

## DISCUSSION

Section 1027(d) of The Vehicle Code of April 29, 1959, P. L. 589, as amended, requires an operator, in-

volved in an accident with unattended property to immediately stop and to leave in a conspicuous place, in or upon the unattended property, a written notice stating his name and address and the name and address of the owner of the vehicle he was operating and a statement of the circumstances of the accident and to notify the department within 24 hours. The records of the department (Commonwealth Exhibit No. 1) state that the section violated was 1027(d) and the violation was "Failure to stop—unattended vehicle." The Chief of Police of Ross Township charged appellant with "failure to notify the owner of property," a more accurate statement of the violation than that reflected in the Commonwealth's record. Violation of section 1027(d) is a summary offense.

The courts of common pleas have considered this section as requiring substantial compliance rather than technically precise compliance and have searched the surrounding circumstances to determine whether appellant has substantially complied with this section. Thus, it has been considered to be significant that an appellant did not attempt to avoid identification, was injured (Glassow License, 37 D. & C. 2d 61), that it was impractical that an injured person contact a utility in the early morning hours to report damage to a power transmission pole (Commonwealth v. Yarian, 40 D. & C. 2d 244), and that notification to the police was the expeditious way to handle the matter (Yarian, supra) and Commonwealth v. Vrabel, 60 Luzerne L.R. 205). In the instant case, the accident happened along a rural road, close to midnight. Appellant, injured and dazed, seeing no lights on the Bogden property, and, in fact, no one being there, started for his home in the dark, passed out, regained consciousness and arrived at his home over three hours later, arriving there almost simultaneously with Chief Niem-

czyk, disclosed the details to the chief, and five hours or so later returned to the scene, contacted the owner of the property and the telephone company repair crew when it arrived. These circumstances, in view of the reasoning of the three cases cited above, convince the hearing judge that the appeal should be sustained on the basis that appellant substantially complied with the requirements of section 1027(d), notwithstanding the technical violation of his failure to attach a notice to the house and telephone pole and his payment of fine and costs to the justice of the peace. The hearing judge also concludes that the action of the secretary in suspending appellant's operating privileges for a period of two months, although in accordance with the schedule of penalties then in effect, as a matter of law was not warranted under the circumstances of this case and will be reversed.

## ORDER

The appeal of Eli F. Burke from the order of the Secretary of Revenue (now Transportation) suspending appellant's motor vehicle operating privileges for a period of two months hereby is reversed, the appeal therefrom is hereby sustained, and the said secretary is directed to reinstate said operator's privileges.